# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID G. JEEP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV703 CEJ |
| | ) | |
| BARACK OBAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its initial review of plaintiff's pro se complaint and application for leave to proceed in forma pauperis. Based on the financial information submitted, the Court finds that the plaintiff is indigent and is unable to pay the filing fee. Nevertheless, pursuant to 28 U.S.C. § 1915(e), the Court is required to review the complaint for the purpose of determining whether it should be dismissed as frivolous. See 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, a resident of St. Louis, Missouri, brings this action alleging violations of his civil rights. He sues several categories of high-level government officials, including the President of the United States, Justices of the United States Supreme Court, judges of the Eighth Circuit Court of Appeals and this district court[1], several

---

[1] I am one of the seventy-four named defendants in this action, but I do not feel the need to recuse myself from presiding over this case. Section 455(a) of

state court judges, attorneys general, the State of Missouri and Governor Jay Nixon, several county governments and others.

Plaintiff states that his allegations arise from a series of incidents which began in 2003 after an order of protection was issued against plaintiff by his wife. Plaintiff complains that the order of protection and subsequent divorce and custody proceedings, violated his civil rights, and that he was unlawfully unable to seek monetary or injunctive relief against the governmental officials who instituted and enforced the judgments. Plaintiff also claims he was denied his civil rights in appeals and collateral attacks on state court DWI proceedings.

In his request for relief, plaintiff seeks monetary relief in the amount of $150 million dollars. Plaintiff also requests that the Court expunge his DWI conviction and overturn all orders of protection, custody and divorce orders issued against him.

---

Title 28 of the United States Code provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Impartiality is judged objectively: "Would the average person, knowing the facts alleged by the part[y] seeking disqualification, question the Judge's impartiality, and, if so, would the question be reasonable?" O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir. 1999). Stated differently, the test is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002) (quoting In re Kan. Pub. Employees Ret. Sys., 85 F.3d 1353, 1358 (8th Cir. 1996)). Given plaintiff's litigious history, the fact that he has not made any specific allegations against me, and the frivolous and duplicative nature of the claims before the Court, I do not believe recusal is necessary in the present case.

Plaintiff is a frequent litigant before this Court and other courts, and his claims are duplicative of prior cases brought before this Court. See, e.g., Jeep v. Jones, et al., No. 4:07CV1116 CEJ (June 19, 2007); Jeep v. Obama, 4:11CV931 CAS (June 8, 2011). As this Court has noted previously, because his complaints center around state law matters such as marriage dissolution and child custody, the Court lacks jurisdiction to intervene in his prior cases. See Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception...divests the federal courts of jurisdiction over any action for which the subject is divorce, allowance of alimony or child custody."); see also, Fed.R.Civ.P. 12(h)(3).

The Court further concludes that despite plaintiff's assertions to the contrary, his claims against the various government officials involved in entering and enforcing the state court judgments against him are without merit, as these officials are entitled to absolute immunity for all actions that are not taken in a complete absence of jurisdiction. Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003). To state it another way, plaintiff is not entitled to sue government officials for purported violations of his civil rights simply because he disagrees with the outcome of the proceedings against him. Moreover, any assertions by plaintiff that the government officials named in this complaint have engaged in a conspiracy to deprive him of his civil rights describes a fantastic or delusional scenario that is also subject to dismissal

under 28 U.S.C. § 1915(e)(2).  Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also, Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

For the reasons discussed above, this action will be dismissed as frivolous, pursuant to 28 U.S.C. § 1915e(2)(B), and for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is frivolous.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of April, 2012.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE